NORTHERN DISTRICT OF TEXAS

FILED

FEB 1 3 2017

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MONICA REGINA HAWKINS,           )
          Plaintiff,             )
                                 )
v.                               )     No. 3:16-CV-3393-L
                                 )
DARRAL DALON GRIFFIES, ET AL.,   )
          Defendants.            )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Background**

Plaintiff filed this suit for violation of her civil and constitutional rights.  Defendants are Darral Dalon Griffies, attorney Suzanne Lomerick, and Gloria Hawkins. Plaintiff is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*.  The Court has not issued process pending preliminary screening.

Plaintiff claims Defendant Darral Dalon Griffies told a judge and attorney Suzanne Lomerick that she was a "mental state."  She states she cannot obtain good employment because Defendants are "going around Texas stating I am mental state."  She wants the Court to "enforce no retaliation" against her, and wants Defendants to stop calling the police on her when it is not an emergency.

**II.  Screening**

Plaintiff's complaint is subject to preliminary screening Under 28 U.S.C. § 1915(e).  Under § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## III. Discussion

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a

deprivation of a right secured by the Constitution and laws of the United States; and (2) a

deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth

Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of

life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only

that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948).

The Fourteenth Amendment does not shield purely private conduct, however discriminatory or

wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes

v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show that Defendants Darral Dalon Griffies, attorney

Suzanne Lomerick, or Gloria Hawkins acted under color of state law. Plaintiff's claims should

be dismissed.

2

## IV. Sanctions

Plaintiff has previously been sanction for filing frivolous cases. *See Hawkins v. AT&T*, No. 3:15-CV-336-L. The district court, after finding Plaintiff to be a serial litigant, sanctioned Plaintiff $100, and required Plaintiff to pay the sanction before filing any further cases. (*Id.*) On December 5, 2016, Plaintiff paid the $100 sanction. After paying the sanction, Plaintiff filed this frivolous case. The Court therefore recommends that Plaintiff be required to pay the full filing fee of $400 before she is allowed to proceed in any future case.

## V. Recommendation

The Court recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(e), and that Plaintiff be required to pay the full $400 filing fee before she is allowed to proceed in any future case.

Signed this ⅓ day of Feb Ocap 2017.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4